IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| SHAYNE BERTELSEN, | Cause No. CV 20-39-GF-BMM-JTJ |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondent. | |

On May 5, 2020, Petitioner Shayne Bertelsen, a state prisoner proceeding pro se, filed documents seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Bertelsen was directed to file an Amended Petition on the Court's standard form; Bertelsen timely complied. (Docs. 2 & 3.) For the reasons set forth herein, Mr. Bertelsen's petition should be dismissed.

**I.     Procedural History**

In January of 2017, following a jury trial in Montana's Eighth Judicial District, Cascade County, Bertelsen was convicted of Incest. Following trial but prior to sentencing, Bertelsen filed a habeas petition with this Court alleging: he was convicted using false evidence; he is actually innocent; Child Protection

1

Services unlawfully "coached" the victim; exculpatory evidence was withheld in violation of *Brady v. Maryland*, 373 U.S. at 83 (1963); and, law enforcement officers failed to investigate and colluded with others, resulting in an illegal forensic interview. See e.g., *Bertelsen v. State*, CV-17-48-GF-BMM, Pet. (filed June 7, 2017). That matter was dismissed without prejudice as unexhausted. *Bertelsen v. State*, CV-17-48-GF-BMM, Or. (D. Mont. July 10, 2017). Bertelsen was advised of the steps he must undertake in order to properly exhaust his constitutional claims within the state court system. *Id*. at 2-3.

Bertelsen then filed a second federal habeas petition, advancing similar claims relating to his actual innocence, the withholding of investigatory materials, and irregularities in the investigative and trial procedures. See, *In re: Bertelsen*, CV-19-20-GF-BMM, Pet. (filed March 20, 2019). This Court noted that Bertelsen had an active direct appeal pending before the Montana Supreme Court and, accordingly, his claims remained unexhausted. *In re: Bertelsen*, CV-19-20-GF-BMM, Find. & Rec. at 2-3 (filed March 21, 2019). Bertelsen's petition was dismissed as unexhausted. *In re: Bertelsen*, CV-19-20-GF-BMM, Or. (D. Mont. April 9, 2019).

In his direct appeal before the Montana Supreme Court, Bertelsen argued that the district court erred when it denied his motion to dismiss for lack of speedy trial and that it had illegally imposed an information technology fee in the

sentence. *State v. Bertelsen*, 2020 MT 88N, ¶ 2. On April 14, 2020, the Court affirmed the lower court's denial of Bertelsen's speedy trial motion. *Id*. The State, however, conceded the fee issue. The Court remanded the matter to the district court with a limited directive to correct the written sentence in relation to the imposition of the technology fee. *Id*. at ¶ 20.

In the instant matter, Bertelsen again raises similar claims as those presented in his previous federal petitions. He generally alleges the victim testified he did not do anything to her and that this testimony is supported by the investigation, resulting in insufficient evidence to convict him. (Doc. 3 at 3, ¶ 15(A); see also, *Id*. 4-5 3, ¶ 15(C); 5-6, 3, ¶ 15(D). Bertelsen also asserts *Brady* violations occurred and pertinent information was withheld from the jury. *Id*. at 4, ¶ 15(B).

**II.    Analysis**

For the reasons discussed below, Bertelsen's petition should be dismissed because the claims he advances relative to his current custody still have not been exhausted. Dismissal should be without prejudice.

As Mr. Bertelsen was previously advised, federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged

3

violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id*. *See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971), and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

As set forth above, Bertelsen's direct appeal has now concluded, but the only substantive issue presented there was his speedy trial claim. Bertelsen has not presented his claims relating to purported *Brady* violations, insufficient evidence, or actual innocence to the state courts. He must do so before this Court can review the claims. Bertelsen still has state avenues of collateral review available to him, including postconviction. Accordingly, Bertelsen has not exhausted his state remedies. 28 U.S.C. §2254(c). Because Bertelsen has not exhausted his available state court remedies, this Court cannot review the claim. See, *Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal should be without prejudice allowing Bertelsen to

return to this Court if and when he fully exhausts the claims relative to his current custody.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Bertelsen has not yet made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

## RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED as unexhausted.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Bertelsen may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Bertelsen must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 17th day of June, 2020.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Bertelsen is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.